UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENJAMIN GOTTKE                                                    CIVIL ACTION

VERSUS

                                                                                    23-673-BAJ-RLB

DIXON CORRECTIONAL INSTITUTE, ET AL

ORDER

The *pro se* Plaintiff, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Dixon Correctional Institute and Department of Corrections, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs resulting in the loss of one of his testicles. The defendants named in the plaintiff's Amended Complaint (R. Doc. 5) are not persons within the meaning of section 1983. As such, the plaintiff will be ordered to amend his Complaint as set forth below.

**Person Acting Under Color of State Law**

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a ***person*** acting under color of state law.' " *James v. Tex. Collin Cnty.,* 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir.2000)(emphasis added). The plaintiff has not named a person within the meaning of section 1983 as a defendant.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "State agencies ... are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264,

268 (5th Cir. 2015) (*quoting Will*, 491 U.S. at 71). The Louisiana Department of Public Safety and Corrections is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons....").

District courts have also found that Louisiana's prisons are not "persons" under § 1983. *See Glenn v. Louisiana,* No. 08–4817, 2009 WL 382680 at *2 (E.D. La.2009 Feb. 11, 2009) (finding that a claim against the Orleans Parish Prison is a claim against a "building," not a person under § 1983); *Castillo v. Blanco,* No. 07–215, 2007 WL 2264285 at *4 (E.D.La. Aug.1, 2007) (similarly finding that Elayn Hunt Correctional Center, Dixon Correctional Institute, and St. Charles Parish Prison are buildings and not persons under § 1983).

**Personal Involvement**

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative

wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

## Deliberate Indifference

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

**IT IS ORDERED** that Plaintiff shall, **within 21 days from the date of this Order**, amend his Complaint by:

(1) Naming as defendants "persons" within the meaning of section 1983;

(2) Stating facts indicative of deliberate indifference to Plaintiff's serious medical needs, health, or safety; and

(3) Stating how each named defendant was personally involved.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on March 21, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**